IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAREN ANN G., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 19-972 |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Karen G. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 17) and Defendant's Motion for Summary Judgment (ECF No. 23).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 23) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

On January 31, 2018, Administrative Law Judge ("ALJ") Robert Baker Jr. held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified.  R. at 34-65.  The ALJ thereafter found on April 3, 2018, that Plaintiff was not disabled from her alleged onset date of disability of October 13, 2015, through the date of the ALJ's decision.  R. at 14-33.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since October 13, 2015, and that her lumbar and cervical degenerative disc disease, chronic venous insufficiency, and obesity were severe impairments.  R. at 19-21.  She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1, including § 1.04.  R. at 21-22.

    The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except [Plaintiff] has a sit-stand option where she can stand for 1-minute after every 30-minutes of sitting; she can alternate to sitting for 1-minute after every 30-minutes of standing/walking.  [Plaintiff] can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs.  [Plaintiff] can occasionally balance, stoop, kneel, crouch, and crawl.  [Plaintiff] can never work at unprotected heights or around moving mechanical parts.  [Plaintiff] must avoid concentrated exposure to vibration.

R. at 22.[3]  In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a medical receptionist.  R. at 27.  The ALJ thus found that Plaintiff was not disabled from October 13, 2015, through April 3, 2018.  R. at 27.

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a).  "Although

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on April 1, 2019, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at

---

a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements"

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ erred at step three of the sequential evaluation process by failing to evaluate properly whether her impairments met or equaled 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A ("Listing 1.04A"). Pl.'s Mem. Supp. Mot. Summ. J. 8-18, ECF No. 17-2. She also argues that remand is warranted because the ALJ failed to evaluate properly her medically determinable mental impairments in accordance with the special technique found at 20 C.F.R. § 404.1520a. *Id.* at 18-26. For the following reasons, Plaintiff's arguments are unavailing.

**A.     ALJ's Step-Two Determination and RFC Assessment**

The Court turns first to Plaintiff's argument regarding the ALJ's application of the special technique for evaluating mental impairments under 20 C.F.R. § 404.1520a. "The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. In addition to the five-step analysis discussed above in Part II and outlined in 20 C.F.R. §§ 404.1520 and 416.920, the Commissioner has promulgated additional regulations governing evaluations of the severity of mental impairments. 20 C.F.R. §§ 404.1520a, 416.920a. These regulations require application of a psychiatric review technique at the second and third steps of the five-step framework, *Schmidt v. Astrue*, 496 F.3d 833, 844 n.4 (7th Cir. 2007), and at each level of administrative review. 20 C.F.R. §§ 404.1520a(a), 416.920a(a). This technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment." *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1). If the claimant is

found to have such an impairment, then the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," *id.* §§ 404.1520a(b)(2), 416.920a(b)(2), which specifies four broad functional areas: (1) "understand, remember, or apply information"; (2) "interact with others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself" (the "paragraph B criteria" of the listings for mental disorders as explained in 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b)). *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b). According to the regulations, if the degree of limitation in each of the four areas is rated "none" or "mild," then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe," "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). If the claimant's mental impairment is severe, then the reviewing authority will first compare the relevant medical findings and the functional limitation ratings to the criteria of listed mental disorders in order to determine whether the impairment meets or is equivalent in severity to any listed mental disorder. *Id.* §§ 404.1520a(d)(2), 416.920a(d)(2). If so, then the claimant will be found to be disabled. If not, the reviewing authority will then assess the claimant's RFC. *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3). "The ALJ's decision must show the significant history and medical findings considered and must include a specific finding as to the degree of limitation in each of the four functional areas." *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (per curiam) (citing 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4)); *see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d

656, 662, 659 (4th Cir. 2017).  The "failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review."  *Patterson*, 846 F.3d at 662.

Here, the ALJ found that Plaintiff's medically determinable mental impairments of affective and anxiety disorders, considered singly and in combination, were not severe because they "do not cause more than minimal limitation in [her] ability to perform basic mental work activities."  R. at 20.  The ALJ found that Plaintiff

> has no issues understanding or remembering information given her mini mental status score of 29/30; mild limitations with social interaction and concentration, persistence and [pace] given her history of panic attacks but continued ability to work and socialize; and no limits in adapting and managing herself as her testimony and function report indicate.

R. at 20.  After finding only mild to no limitations in the four functional areas, the ALJ noted that his paragraph B findings were not an RFC assessment and that his subsequent RFC finding would require "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B."  R. at 21.

Plaintiff contends that "[r]emand is warranted in this case because the ALJ rated the four functional categories and concluded that her anxiety and affective disorders are nonsevere without performing the most critical requirements of the special technique regulation."  Pl.'s Mem. Supp. Mot. Summ. J. 22, ECF No. 17-2.  According to Plaintiff, the ALJ's decision failed to show the significant history, including examination and laboratory findings, and the functional limitations that the ALJ considered in reaching a conclusion about the severity of her mental impairments.  *Id.* (citing 20 C.F.R. § 404.1520a(e)(4)).  In particular, she asserts that the ALJ failed to recognize the objective evidence in the record contradicting the ALJ's finding that she suffered "no limits in adapting and managing herself as her testimony and function report

9

indicate." *Id.* at 23.  She points to evidence of her trouble with sleeping and concentrating, fair grooming, fair insight and judgment, and slightly compromised delayed verbal recall.  *Id.* (citing R. at 397).  According to Plaintiff, evidence of only "fair grooming" is objective evidence that her ability to adapt and manage herself is moderately impaired.  *Id.* (citing R. at 397).

As a preliminary matter, Plaintiff apparently argues that the ALJ erred by categorizing his medically determinable mental impairments of anxiety and affective disorders as nonsevere at step two of the sequential evaluation.  *Id.* at 22-24.  However, "[a] claimant must make only a *de minimis* showing to advance beyond step two.  To that end, a claimant need only establish, and an ALJ need only find, one severe impairment."  *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (citation omitted).  "Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe."  *Id.*; *see Todd Michael M. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-382, 2020 WL 2319114, at *4 (D. Md. May 11, 2020).

In any event, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments did not limit her ability to adapt and manage herself.  Although Plaintiff points to evidence of her fair grooming, the mental-functioning area of adapting and managing oneself

> refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting.  Examples include: Responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions.

20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(4).

Here, the ALJ noted:

> [Plaintiff's] 2016 function report indicates she can pay bills, count change, handle a savings account, and use a checkbook; she can shop in stores and interact with

10

> friends.  She also stated she follows instructions well and has no issues getting along with family, friends, and authority figures.  Moreover, [Plaintiff] testified to no significant mental limitations or symptoms at the hearing.  She also noted she keeps herself busy by crocheting and visiting with her friend down the hall from her apartment.

R. at 20 (citation omitted).  The ALJ noted that Plaintiff "did not testify about any mental issues aside from the 'crabbiness' that her husband notices" and also noted that the state agency psychiatric consultants found that her mental impairments were not severe.  R. at 19 (citing R. at 84-96, 98-112).  The ALJ gave great weight to the consultants' opinions because they were consistent with the medical evidence of record and Plaintiff's testimony.  R. at 26.  "[Plaintiff's] own testimony and previous written statements about her physical (and mental) capacity are inconsistent with her claim that she is unable to [do] any kind of work.  [Plaintiff's] admitted daily activities and abilities belie a finding of disability."  R. at 23.  "Such discrepancies in [Plaintiff's] admitted abilities and her claim of impairment make her allegations less reliable."  R. at 24.

As noted above, the Court does not reweigh conflicting evidence.  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.  Because Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim," her argument regarding the ALJ's consideration of the severity of her mental impairments is unavailing.  *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Plaintiff then maintains that "the ALJ materially erred by failing to consider the combined effect of all [her] impairments, severe and nonsevere, when determining the [RFC]" because the ALJ's RFC assessment "fails to include any mental limitations to account for [her]

pain and impaired mental functioning." Pl.'s Mem. Supp. Mot. Summ. J. 24, 25, ECF No. 17-2. The ALJ stated in his decision, however, that, "[t]hough non-severe, [he] has considered the associated symptoms from [Plaintiff's] headaches and mental impairments—along with her severe impairments—in determining her overall [RFC]." R. at 21. "The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take [him] at [his] word." *Reid*, 769 F.3d at 865. Moreover, Plaintiff's argument that the ALJ should have included more limitations in the RFC assessment is unsupported because the ALJ did not find that Plaintiff's mental functioning was more than minimally impaired (R. at 20). *See Todd Michael M.*, 2020 WL 2319114, at *6. "Therefore, Plaintiff's argument that the ALJ materially erred by failing to consider the combined effect of all Plaintiff's impairments, including [her] mental impairments, is unsupported. Accordingly, the ALJ's RFC analysis was supported by substantial evidence, and remand is not warranted on this ground." *Id.*

**B.     Listing 1.04A**

Plaintiff next contends that the ALJ erred at step three of the sequential evaluation process by failing to evaluate properly whether her impairments met or equaled Listing 1.04A. Pl.'s Mem. Supp. Mot. Summ. J. 8-18, ECF No. 17-2. "The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. "In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing." *Jones v.*

*Berryhill*, 681 F. App'x 252, 254-55 (4th Cir. 2017) (per curiam) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). "However, the claimant need not show that all the listed symptoms were present simultaneously." *Id.* at 255 (citing *Radford*, 734 F.3d at 293-94). "Instead, a claimant must show only that each of the listed symptoms are documented in the record, and that the impairment is expected to last continuously for at least 12 months." *Id.* (citing *Radford*, 734 F.3d at 294).

> To satisfy the requirements of Listing 1.04A, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test."

*Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A).

The ALJ found that, "[a]lthough [Plaintiff's] treatment records establish her degenerative disc disease, she does not have the required documentation in her records to meet the listing. She does not have positive straight leg raises in sitting and supine positions." R. at 21. The record of Plaintiff's positive straight-leg-raise testing to which Plaintiff points does not indicate that the test was performed in both the sitting and supine positions as required by Listing 1.04A (R. at 462, 469, 659, 662). *See Todd Michael M.*, 2020 WL 2319114, at *7; *Helene C. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-18-2938, 2019 WL 7370353, at *4 (D. Md. Dec. 31, 2019), *reconsideration denied*, Civil No. DLB-18-2938, 2020 WL 1694491 (D. Md. Apr. 7, 2020); 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A (requiring claimant to show, "if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)"). Because Plaintiff has not shown that Listing 1.04A is met, any error in the ALJ's Listing 1.04A analysis is harmless. *See Todd Michael M.*, 2020 WL 2319114, at *7; *Helene C.*, 2019 WL 7370353, at *4. Remand on this ground is thus not warranted.

Because substantial evidence supports the decision of the ALJ, who applied the correct legal standards here, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 23) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: September 8, 2020                                        /s/
                                                                       Thomas M. DiGirolamo
                                                                       United States Magistrate Judge